IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH NORRIS, III | * | |
| | * | |
| v. | * | CIVIL NO. CCB-17-741 |
| | * | |
| STRATEGICHEALTHSOLUTIONS, INC. | * | |
| | **** | |

**MEMORANDUM**

Plaintiff Joseph Norris, III, representing himself, has filed a complaint alleging that his former employer StrategicHealthSolutions, LLC ("Strategic") discriminated against him on the basis of his disability, end-stage renal disease requiring dialysis, and race, African-American, and retaliated against him for reporting such conduct. After discovery, Strategic filed a motion for summary judgment. (ECF No. 40). Norris did not respond to the motion, despite being advised of his right to do so, but he did file an earlier "opposition," (ECF No. 37), which has been considered. For the reasons explained below, Strategic's motion will be granted.

Preliminarily, Norris has not produced sufficient direct or circumstantial evidence of discrimination. Nor can he establish a *prima facie* case of discriminatory discharge because, at the time the decision was made to terminate his employment, he was not performing his job at a level that met his employer's reasonable expectations. *See Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001); *Jordan v. Radiology Imaging Assoc.*, 577 F. Supp. 2d, 771, 782-83 (D. Md. 2008).

More importantly, to the extent Norris claims he was fired because of his disability, the record conclusively proves otherwise. Norris was hired for a full-time IT position beginning in January 2013. When he was diagnosed with renal disease some six months later, the company accommodated him with a part-time schedule, initially 33 hours per week, and later only 24

1

hours, at his request. (ECF No. 40, Hamilton Affidavit, ¶¶ 11, 16). Although he was put on a Performance Improvement Plan in September 2013, the reasons for that were clearly stated and not related to his disability. Norris's performance appraisal in January 2014, to which he did not object, indicated numerous areas of deficient performance. (*Id.* at ¶ 19). Nonetheless, he continued in the company's employ until February 2015, on a part-time status.

Further, the record establishes that the decision to terminate Norris's employment, made on December 18, 2014, was based on the company's failure to obtain sufficient business in 2014 to continue to support both Norris's part-time position and that of the full-time IT specialist who was hired in March 2014, because Norris's part-time schedule did not allow him to perform all the duties the position required.[1] (*Id.* at ¶¶ 21, 23-24). Norris has not produced evidence to show that the company's legitimate business reason was pretextual, much less a pretext for discrimination. *See, e.g.*, *Davis v. Mabus*, 162 F. Supp. 3d 467, 477 (D. Md. 2016).

Norris's claim of a racially-hostile work environment also fails. It is based on the fact that an employee in Nebraska whistled "Dixie" during a conference call in June 2014. When advised of Norris's concern, the employee apologized. That isolated incident does not establish a racially-hostile environment, nor is there any showing of a causal connection between this incident and the termination of Norris's employment.

Finally, Norris complains he was terminated for complaining about his second performance appraisal, issued January 14, 2015, which was similar to his first. (Hamilton Affidavit at ¶ 25). His complaint did not constitute protected activity, nor has Norris shown a causal connection between his complaint and the decision to terminate him because the decision was made prior to his complaint.

---

[1] The decision to terminate was strengthened by Norris's continued failure to improve his job performance.

In summary, no claim has been established under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*; or the Maryland Fair Employment Practices Act, MD. CODE STATE GOV'T, § 20-606. The motion for summary judgment will be granted by separate Order which follows.[2]


November 14, 2017                          /s/
Date                                      Catherine C. Blake
                                           United States District Judge

---

[2] The plaintiff's motion to preserve evidence also will be denied for the reasons stated in the defendant's response.